UNITED STATES OF AMERICA

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD OLDACRE,

      Plaintiff,

-v-                                                                                    Case No. 16-13457

DETROIT HEALTH CARE FOR
THE HOMELESS, INC., d/b/a
ADVANTAGE HEALTH CENTERS,

      Defendant,
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joeynlaw@aol.com

Street Address:
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
_____/

**COMPLAINT AND JURY DEMAND**

      NOW COMES the plaintiff, Richard Oldacre (hereafter "plaintiff"), by and through his attorneys, The Niskar Law Firm, PLLC, and in support of his complaint against the defendant hereby states as follows:

## A. Statement of Jurisdiction

1. The plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, Detroit Healthcare for the Homeless, Inc., doing business as Advantage Health Centers (hereafter "defendant"), is a Michigan corporation, with its principal place of business in the County of Wayne, State of Michigan, which regularly and routinely conduct business in, and maintains its principal place of business in the Eastern District of Michigan, specifically the County of Wayne, State of Michigan.

3. As the defendant resides in and/or regularly conducts business in the County of Wayne, State of Michigan, this Honorable Court possesses personal jurisdiction over the defendant. Furthermore, the termination of employment at issue in this case was conducted inside the County of Wayne, State of Michigan.

4. Plaintiff alleges violations of the Federal False Claims Act, 31 USC § 3730(h) (hereafter "FCA"). Therefore, this Honorable Court possesses subject matter jurisdiction pursuant to 28 USC § 1331 and 31 USC § 3730(h)(2).

5. This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

6. The violations of the FCA, and the Michigan Whistleblower Protection Act, MCL § 15.361, *et seq*. ("WPA") alleged herein occurred in whole, or in part, in the County of Wayne, State of Michigan. Therefore, venue is proper

in the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 USC § 1391.

### B. Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

7. Defendant operates one or more healthcare facilities in the Counties of Wayne and Macomb, in the State of Michigan.

8. Defendant is a Federally Qualified Health Center, which is funded in whole or in part by grants of federal funds from the United States Department of Health and Human Services ("HHS").

9. Defendant receives federal funds, and Medicaid funds from the State of Michigan, to provide healthcare services to the poor and indigent.

10. Defendant provides healthcare services to individuals, bills Medicaid for those services, and is reimbursed for those services by Medicaid.

11. Defendant subcontracts the provision of dental care to Deliver Dental Solutions, P.C. (hereafter "DDS").

12. On or about February 1, 2016, the defendant hired plaintiff to serve as its Executive Director.

13. Defendant and DDS had a written subcontract under which DDS would provide dental care to defendant's patients, and would bill Medicaid directly under defendant's Medicaid provider number and credentials. DDS was permitted by applicable law to do this if it was operating under a valid, written agreement with defendant to provide dental services to defendant's

patients.

14. The contract between defendant and DDS expired on or about May 26, 2016.

15. Notwithstanding expiration of the contract between DDS and the defendant, DDS thereafter continued to provide dental services to defendant's patients, bill Medicaid directly for its services under defendant's Medicaid provider number and credentials, and continued to be reimbursed for its services with federal and state funds originating from Medicaid and HHS.

16. Approximately during the first or second week of June 2016, plaintiff reported these actual and/or suspected violations of federal and state law to the assigned Health Resource & Service Administration ("HRSA") project officer. HRSA is an agency within HHS. HHS is a public body which, through its Office of Inspector General, enforces federal laws within the scope of its jurisdiction, and prosecutes violations thereof.

17. Plaintiff also reported these actual and/or suspected violations of federal and state law to the defendant's board of directors and board president in an effort to stop violations and/or suspected violations of federal and state Medicaid laws, which included DDS billing and being paid for services in the absence of a valid contract between defendant and DDS.

18. On or about June 27, 2016, the defendant terminated plaintiff's employment.

19. As of the time defendant terminated plaintiff's employment, its board president and members of its board of directors knew of plaintiff's internal

report of the violations and/or suspected violations of the law listed above, and likewise knew that plaintiff had reported the same to the HRSA project officer.

20. The defendant terminated plaintiff's employment in whole, or in substantial part, due to his report of the suspected and/or actual violations of the law, both internally and/or to HHS.

### C.  Count I – Violation of the Federal False Claims Act, 31 USC § 3730(h) – Retaliatory Discharge

Plaintiff incorporates all prior averments, as if fully set forth herein.

21. The defendant is a "person" within the definition and meaning set forth in the Federal False Claims Act, 31 USC § 3729 and 31 USC § 3730.

22. Plaintiff was an "employee" of the defendant within definition and meaning set forth in the Federal False Claims Act, 31 USC § 3729 and 31 USC § 3730.

23. The billing by DDS for services rendered subsequent to expiration of its contract with defendant referenced above and/or the defendant's participation in such billing by DDS constitutes the submission of "false or fraudulent claim(s) for payment or approval" in violation of 31 USC § 3729(a)(1)(A), the knowing making, use and/or causing to be made or used, a false record or statement material to a false or fraudulent claim in violation of 31 USC § 3729(a)(1)(B), and/or conspiracy to commit violations of 31 USC § 3729(a)(1)(A)-(B) in violation of 31 USC § 3729(a)(1)(C).

24. Plaintiff engaged in efforts to stop one or more violations of the Federal

False Claims Act, including his report of the fraudulent billing to Medicaid, and the misuse of federal funds, as well as his internal report of the fraudulent billing and misuse of federal funds to the defendant's board and board president.

25. The defendant had actual and/or constructive knowledge that plaintiff made his report of fraudulent billing to HHS, and internally made his report of fraudulent billing, prior to terminating plaintiff's employment.

26. The defendant terminated the plaintiff in whole, or substantial part, due to his effort(s) to stop and/or report(s) of the suspected and/or actual billing fraud.

27. The defendant's termination of plaintiff's employment violated 31 USC § 3730(h).

28. As a direct and proximate result of the defendant's violations of the FCA, the plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages set forth in 31 USC § 3730(h)(2), including but not limited to lost wages/salary, two times the amount of lost wages/salary, interest on back-pay, non-economic damages including emotional distress and/or mental anguish damages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, other interest available at law, costs of litigation, and attorney fees.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

29. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling the defendant to reinstate plaintiff to his former position, and to retroactively restore plaintiff's seniority and all benefits. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint.

### D.  Count II – Violation of the Michigan Whistleblowers' Protection Act, MCL § 15.361, *et seq.*

Plaintiff incorporates all prior averments, as if fully set forth herein.

30. The plaintiff was an "employee" of the defendant within the meaning of MCL § 15.361(a).

31. The defendant was at all pertinent times an "employer" of the plaintiff within the meaning MCL § 15.361(b).

32. The defendant owed the plaintiff a duty to comply with the Michigan Whistleblowers' Protection Act, MCL § 15.361 *et seq.* ("WPA"), including the duty to refrain from retaliating against him for engaging in conduct protected under the WPA, to refrain from discriminating against him for engaging in conduct protected under the WPA, to refrain from discharging him for engaging in conduct protected under the WPA, and to refrain from discriminating against the plaintiff in any other way for reporting a violation or suspected violation of the law to a public body such as HHS.

33. The defendant nevertheless violated the WPA by retaliating against the

plaintiff as set forth above, by discharging the plaintiff from employment, and by otherwise discriminating against him as a result of the plaintiff having reported a violation and/or suspected violation of the law to a public body such as HHS.

34. As a direct and proximate result of the defendant's violations of the WPA, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages set forth in MCL § 15.363 and MCL § 15.364, including but not limited to lost wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, non-economic emotional distress and/or mental anguish damages, any incurred medical expenses, interest, costs of litigation and attorney fees. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

35. In the event the Court determines that front-pay is not an appropriate remedy under the law and/or circumstances of this case, plaintiff alternatively seeks all equitable remedies available under the WPA, including reinstatement into his original position or a substantially equivalent position, restoration of seniority rights and/or opportunities for promotion, a declaration that the defendant has violated the WPA and unlawfully retaliated and discriminated against the plaintiff, the entry of an injunctive order prohibiting the defendant from further violations of the WPA and/or retaliation against plaintiff and others for engaging in protected

activity under the WPA, the entry of an injunctive order providing that the defendant cannot take any further adverse employment action against the plaintiff in retaliation for exercising his rights under the WPA, and the entry of an injunctive order prohibiting the defendant from taking any adverse employment action against the plaintiff except upon a showing of good and just cause.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic emotional distress and/or mental anguish damages, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, costs, interest, etc.

WHEREFORE the plaintiff respectfully prays for judgment against the defendant for all available non-economic damages and economic damages cited herein, and those available at law, together with costs, interest and attorney fees incurred in having to investigate, pursue, litigate, prosecute and enforce the instant action.  Plaintiff further seeks all exemplary damages available at law.

                                              Respectfully submitted,

                                              THE NISKAR LAW FIRM, PLLC

                                              By: /s/ Joey S. Niskar
                                              JOEY S. NISKAR (P55480)
                                              Attorney for Plaintiff
                                              30445 Northwestern Hwy., Ste. 250
                                              Farmington Hills, MI  48334
                                              (248) 702-6262
Dated:  September 23, 2016             E-mail: Joeynlaw@aol.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD OLDACRE,

    Plaintiff,

-v-                                                                         Case No. 16-13457

DETROIT HEALTH CARE FOR
THE HOMELESS, INC., d/b/a
ADVANTAGE HEALTH CENTERS,

    Defendant,
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joeynlaw@aol.com

Street Address:
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
_____/

**<u>Demand for Jury Trial</u>**

    The plaintiff, Richard Oldacre, by and through his attorneys, The Niskar Law Firm, PLLC, hereby demands a trial by jury on all issues in the instant action.

                                        Respectfully submitted,

                                        THE NISKAR LAW FIRM, PLLC

                                        By: /s/ Joey S. Niskar
                                        JOEY S. NISKAR (P55480)
                                        Attorney for Plaintiff
                                        30445 Northwestern Hwy., Ste. 250
                                        Farmington Hills, MI 48334
                                        (248) 702-6262
Dated: September 23, 2016          E-mail: Joeynlaw@aol.com